"O"

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | | |
|---|---|---|
| TAYNYA RICHARDSON, | ) | Case No. EDCV 05-00769-MLG |
| | ) | |
| Plaintiff, | ) | ORDER AFFIRMING DECISION OF |
| | ) | COMMISSIONER |
| v. | ) | |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of the | ) | |
| Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Taynya M. Richardson ("Plaintiff") seeks judicial review of the Commissioner's final decision denying her application for Supplemental Security Income Benefits ("SSI"). For the reasons stated below, the Commissioner's decision shall be affirmed.

Plaintiff was born on July 22, 1966 and was 38 years old at the time of the hearing. (Administrative Record ("AR") at 298). She has a GED certificate and attended two years of college after which she received a certificate in word processing. At the time of the hearing, Plaintiff lived with her husband and fifteen-year-old daughter.

Plaintiff claims disability due to the effects of diabetes mellitus (type 2) and high blood pressure.

Plaintiff has presented three claims of legal error by the ALJ in the Joint Stipulation of disputed issues filed by the parties.[1] The Court holds that reversal is not warranted based on any of the claimed errors, which include the alleged failure of the Administrative Law Judge ("ALJ") to: properly weigh the treating physician's opinion; correctly evaluate the evidence regarding Plaintiff's neuropathy; and consider third party testimony in the form of a letter from Plaintiff's daughter.

Plaintiff contends that the ALJ did not properly weigh the opinion given by Plaintiff's treating physician Dr. Douglas Ballaine, D.O. Plaintiff acknowledges that the ALJ discussed several details of Dr. Ballaine's assessment, but claims that he did not consider other highly relevant assessments. Specifically, Plaintiff asserts that the ALJ did not evaluate statements made by Dr. Ballaine in a standard form dated March 27, 2003, and entitled "Authorization to Release Medical Information," which was submitted to the California Department of Social Services (AR at 16, 267). In this form, Dr. Ballaine checked boxes indicating that Plaintiff has a chronic condition that prevents her from being able to work and requires someone to be in the home to care for her. (AR at 267). In other medical records, Dr. Ballaine indicated that Plaintiff has uncontrolled Hypertension and uncontrolled Diabetes Mellitus II. (AR at 198, 268). Plaintiff asserts that this matter must

---

[1] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the Administrative Record, and the Joint Stipulation filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

be remanded so that the ALJ may properly consider these opinions of disability by Dr. Ballaine.

The opinions of treating physicians are ordinarily to be given greater weight than the opinions of other physicians. *Aukland v. Massanari*, 257 F.3d 1033, 1037 (9th Cir. 2001); *Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996). A treating physician's opinion as to the nature and severity of an impairment must be given controlling weight if the opinion is well supported and not inconsistent with other substantial evidence. SSR 96-2p; *Edlund v. Massanari*, 253 F.3d 1152, 1157 (9th Cir. 2001). Even when the treating physician's opinion is contradicted by other medical evidence in the record, that opinion is entitled to deference unless there are specific and legitimate reasons, supported by substantial evidence in the record, for its rejection. *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001).

However, the Court also recognizes that the Commissioner alone determines "disability" under the Social Security Act. *See* 20 C.F.R. §§ 404.1527(e) and 416.927(e) (2003); Social Security Ruling 96-5p. Thus, a treating physicians' opinion that a claimant is disabled is not conclusive of disability under the Social Security Act. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992).

Dr. Ballaine's opinion was brief and unsupported. He checked boxes on a form unrelated to the SSI application. Under *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002), an "ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." Dr. Ballaine did not provide a specific assessment of Plaintiff's abilities. *See Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir. 1995) (ALJ permissibly rejected doctor's opinion as conclusory because it did not

give a specific assessment of claimant's functional capacity; opinion stated diagnosis and concluded claimant was disabled.)  Dr. Ballaine noted Plaintiff's diagnosis, but did not explain why Plaintiff is unable to perform all work activity.

The ALJ rejected a finding of disability in part because he found that the Plaintiff was not observing her restricted diet, failed to exercise, and did not regularly take her medication. (AR at 16). Furthermore, the ALJ found that there is no medical evidence that Plaintiff's diabetes has resulted in any substantial medical problems, such as end organ damage. (AR at 14).  The ALJ made this assessment after "careful consideration of the entire record," as well as relying on a medical expert who testified and found that Plaintiff's diabetes was under variable control and that her hypertension was mostly controlled. (AR at 14, 302-04).  The medical expert concluded that the Plaintiff could perform a narrowed range of light work. (*Id.*). The ALJ concluded Plaintiff could perform a limited range of light work, noting that Plaintiff's activities of daily living are "quite significant." (AR at 15).  A vocational expert testified that there were a significant number of jobs that Plaintiff could perform, notwithstanding her limitations. (AR 322-24).

The Court concludes that the ALJ properly rejected the conclusory opinion of Dr. Ballaine and that there was substantial evidence to support the finding of non-disability. SSR 96-2p; *Edlund v. Massanari*, 253 F.3d 1152, 1157 (9th Cir. 2001).  For these reasons and those articulated by the Commissioner on pages 8-12 of the Joint Stipulation, the Court holds that remand it not warranted on this issue.

This reasoning applies equally to the statements regarding neuropathy made by a physician's assistant ["PA"] who works with Dr.

4

Ballaine. The PA checked boxes indicating Plaintiff was permanently disabled for purposes of receiving a California Disability Identification Card, as well as for the purposes of receiving Calworks, a California welfare program for families with children. The ALJ dismissed these statements for being unsupported by objective evidence and gave them no significant probative weight. (AR at 16). The Court finds that the ALJ's analysis was not erroneous, but rather was proper because the PA's statements were brief, conclusory, and inadequately supported by clinical findings. *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002).

Finally, for the reasons stated by the Commissioner on pages 22-25 of the JS, the Court finds that the ALJ did not err by failing to credit the letter written by Plaintiff's daughter in support of her mother's application for benefits. (AR at 95-96). Nothing in this letter was inconsistent with the ALJ's finding that Plaintiff retained the capacity to work in a narrowed range of light work settings. The daughter asserted that Plaintiff could not walk quickly, that she could no longer skate, and that she could no longer attend her daughter's outdoor track events because of the heat. (AR at 95). The ALJ restricted Plaintiff to a job that required her to, at most, stand and/or walk for two hours and sit for six hours in an eight-hour day, that shielded her from exposure to extreme hot and cold temperatures, and that provided an air-conditioned work environment. (AR at 14). Plaintiff's daughter's assertions that no one would hire a person with diabetes and that her mother was unable to work because of her condition were not statements the ALJ was required to credit in any way. The ALJ is not required to consider the hiring practices and prejudices of employers, and the daughter's other conclusions were medical assessments beyond her

competence as a lay person. *See* 42 U.S.C. § 423(d)(2)(it is not relevant in the disability analysis whether the applicant would actually be hired if she applied for the work, only whether she is able to perform it). The Court therefore finds that under 42 U.S.C. § 405(g), the Commissioner's findings and decision should be upheld because they are free from legal error and are supported by substantial evidence based on the record as a whole. *See also Holohan v. Massanari*, 246 F.3d 1195, 1201 (9th Cir. 2001).

## IV. CONCLUSION

For the reasons stated above, the Court finds that the ALJ's decision is supported by substantial evidence and is free from legal error. Accordingly, it is ORDERED that the decision of the Commissioner be **AFFIRMED** and that this matter be **DISMISSED** with prejudice.

DATED: May 18, 2006                    */S/ Marc L. Goldman*
                                       _____
                                       MARC L. GOLDMAN
                                       United States Magistrate Judge